FREEDING et al. v. ALLEN et al.

(Circuit Court of Appeals, Ninth Circuit. September 7, 1909.)

No. 1,667.

LICENSES (§ 33*) — ALASKA — CONSTRUCTION OF STATUTES — APPORTIONMENT OF LICENSE MONEYS IN TOWNS.

The power given to the District Court in Alaska by Act March 2, 1903, c. 978, 32 Stat. 944, to apportion the license moneys collected from persons for doing business within an incorporated town, and thereby required to be paid over by the clerk of the court to the treasurer of the municipality, and to designate by order the proportion that should be used for school and for municipal purposes, respectively, was taken away by Act April 28, 1904, c. 1778, 33 Stat. 529, which for the first time authorized the common council of incorporated towns to levy a general tax for school purposes, and required it to establish and maintain schools and provide the necessary funds therefor, and which also provided that the license moneys should be paid over to the municipal treasurer without qualification, "to be used for school and municipal purposes," and repealed all inconsistent acts. Since such act the apportionment of such fund rests with the common council of the town.

[Ed. Note.—For other cases, see Licenses, Cent. Dig. § 67; Dec. Dig. § 33.*]

In Error to the District Court of the United States for the Second Division of the District of Alaska.

John Rustgard and Campbell, Metson, Drew, Oatman & MacKenzie, for plaintiffs in error.

C. S. Hannum, Albert H. Elliot, and John T. Reid, for defendants in error.

Before GILBERT and ROSS, Circuit Judges, and HUNT, District Judge.

ROSS, Circuit Judge. The plaintiffs in error constitute the common council of the town of Nome, in the district of Alaska, and the defendants in error the school board of the Nome school district. The school board having presented a petition in writing to the court below, asking its order apportioning the federal license moneys collected by it in pursuance of law, so that the petitioner should receive 50 per cent. thereof, or such other percentage as the court should deem proper, up to the amount of $20,500, with which to pay the indebtedness already incurred and to be incurred during the school year then ensuing, and directing the treasurer of the town of Nome to pay directly to the petitioners such percentage of the license moneys as should be apportioned by the court for the purposes stated, and an order to show cause

why the petition should not be granted having been served upon the plaintiffs in error by the direction of the court, objections were filed by them, to which the petitioners replied. The hearing resulted in these findings:

"(1) That the sum of $20,500 is the proper amount to be apportioned for the use of the school board for the purpose of enabling the board to pay the indebtedness against the school district, and for the due maintenance of the Nome public schools for the ensuing school year.

"(2) That on the 26th day of August, 1908, the finance committee of the common council of the town of Nome recommended that the request of the Nome school board that the $20,500 be made available for school purposes for the ensuing school year be granted, and that said sum be made available for such purposes, with the following exception: That $3,000 thereof be deducted from the amount so to be made available for school purposes for the current year, until such time as the school board has exhausted its resources at law to recover the sum of $3,000 claimed by said common council to have been illegally withdrawn from the funds of the school district by members of former school boards.

"(3) That on the 29th day of August, 1908, the recommendation of the finance committee of the common council of the town of Nome was regularly approved by the members of said common council in regular meeting assembled, and that by reason of the action of said common council only $17,500 was made available for school purposes, and that $3,000 of said sum of $20,500 is not available for school purposes; the same being made dependent upon action of said petitioners to recover the said sum of $3,000 claimed by said common council to have been illegally expended by former members of the school board.

"(4) That said sum of $3,000, in addition to said sum of $17,500, should be made available for school purposes for the ensuing school year, without regard to any liability of former members of the Nome school board to the Nome school district."

Upon these findings the court adjudged that the council—

"set apart, apportion, and pay over to the treasurer of the Nome school board, for school purposes for the ensuing school year, the additional sum of $3,000 from the federal license moneys now in the hands of the clerk of this court, or hereafter to come into his hands as such clerk, and by him paid over to the common council of the town of Nome."

The power of the court below to make the order is questioned by this writ of error, which question depends upon the proper construction of various statutes enacted by Congress in respect to the district of Alaska.

The act of March 3, 1899 (30 Stat. 1253, 1336, c. 429), provided, among other things, that any person or persons, corporation, or company prosecuting or attempting to prosecute any of certain enumerated lines of business within the district of Alaska should first apply for and obtain license so to do from a District Court or a subdivision thereof in said district, and pay for such license for the respective lines of business and trade as therein specified. That act was amended by one of June 6, 1900, entitled "An act making further provision for a civil government for Alaska, and for other purposes" (31 Stat. 321, 330, 521, c. 786), which, among other things, provided for the incorporation of any community having 300 permanent inhabitants, with certain enumerated officers, including "a school board of three directors, who shall have the exclusive supervision, management and control of the public schools and school property within said corporation, and shall be elected in the same manner and for the same term as the council,"

therein also provided for, and further providing that the treasurer of the corporation shall be ex officio treasurer of the school board, and—

"that fifty per cent. of all license moneys provided for by act of Congress approved March third, eighteen hundred and ninety-nine, entitled 'An act to define and punish crimes in the district of Alaska, and to provide a Code of Criminal Procedure for said district,' and any amendments made thereto, required to be paid by any resident, person, or corporation, for business carried on within said corporation, shall be paid over by the clerk of the United States District Court receiving the same to the treasurer of said corporation, upon taking his receipt therefor in duplicate, one of which duplicate receipts shall be forwarded to the Secretary of the Treasury of the United States by the clerk as a voucher in lieu of cash, and the other receipt shall be retained by the clerk. The money received by the treasurer of the corporation shall be used under the direction of the council for school purposes."

Prior to the act just mentioned, to wit, that of June 6, 1900, there was no provision for the organization of any municipal corporation within the district of Alaska, and while the council of such corporations as should be organized thereunder was thereby given the power to levy and collect taxes for certain specified local purposes, no power was given such council to levy any tax for school purposes; the schools being provided for, as above shown, by the payment by the clerk of the District Court to the treasurer of the municipal corporation of one-half of the license moneys coming into his hands.

The subsequent act of March 3, 1901 (31 Stat. 1438, c. 859), so amended the act of June 6, 1900, as to provide:

"That where it is made to appear to the satisfaction of the District Court that the whole amount heretofore or hereafter received by the treasurer of the corporation from the clerk of the court is not required for school purposes, the court may from time to time, by orders duly made and entered, with a statement of the facts upon which they are based, authorize the expenditure of the accumulated surplus, or any part thereof, for any of the municipal purposes enumerated in this chapter. Fifty per centum of all license moneys provided for by said act approved March third, eighteen hundred and ninety-nine, and any amendments made thereto, that may hereafter be paid for business carried on outside incorporated towns in the district of Alaska and covered into the Treasury of the United States shall be set aside to be expended so far as may be deemed necessary by the Secretary of the Interior, within his discretion and under his direction, for school purposes outside incorporated towns in said district of Alaska."

On the 2d of March, 1903, Congress passed an act, entitled "An act amending the Civil Code of Alaska, providing for the organization of private corporations, and for other purposes" (32 Stat. 944, c. 978), so amending the act of March 3, 1901, in regard to license moneys as to provide as follows:

"That all license moneys provided for by act of Congress approved March third, eighteen hundred and ninety-nine, entitled 'An act to define and punish crimes in the district of Alaska, and to provide a Code of Criminal Procedure for said district,' and any amendments thereto, required to be paid by any resident, person, or corporation for business carried on within the limits of any incorporated town, and collected by the clerk of the District Court, shall be paid over, by said clerk to the treasurer of such corporation, to be used for municipal and school purposes in such proportions as the court may order, but not more than fifty per centum, nor less than twenty-five per centum thereof shall be used for school purposes, the remainder thereof to be paid to the treasurer of the corporation for the support of the municipality, and the clerk of said court shall take said treasurer's receipt therefor in triplicate, one of

which receipts shall be forwarded to the Secretary of the Treasury, another to the Attorney General, and the other shall be retained by the clerk; provided, that fifty per centum of all license moneys provided for by said act of Congress approved March third, eighteen hundred and ninety-nine, and any amendments made thereto, that may hereafter be paid for business carried on outside incorporated towns in the district of Alaska, shall be covered into the treasury of the United States and set aside to be expended, so far as may be deemed necessary by the Secretary of the Interior, within his discretion and under his direction, for school purposes outside incorporated towns in said district of Alaska."

On the 28th day of April, 1904, Congress passed an act, entitled "An act to amend and codify the laws relating to municipal corporations in the district of Alaska" (33 Stat. 529, c. 1778), sections 7 and 8 of which are as follows:

"Sec. 7. That all license moneys collected by the clerk of the District Court from any person for any business, trade. or occupation carried on within the limits of any incorporated town in the district of Alaska pursuant to the provisions of an act entitled 'An act to define and punish crimes in the district of Alaska, and to provide a Code of Criminal Procedure for said district,' approved March third, eighteen hundred and ninety-nine, and all acts or parts of acts amendatory thereof, shall by said clerk be paid over to the treasurer of the town to be used for school and municipal purposes within the town. The clerk shall take a receipt for such money in triplicate, one of which receipts shall be filed with the Secretary of the Treasury, one with the Attorney General of the United States, and one shall be retained by the clerk.

"Sec. 8. That all acts and parts of acts inconsistent with this act are, to the extent of such inconsistency, hereby repealed, and the provisions of this act shall apply to and govern all municipal corporations heretofore created in the district of Alaska."

This act of April 28, 1904, in its fourth section, prescribed the powers the common council of incorporated towns therein provided for, as well as all municipal corporations theretofore created in Alaska (see section 8 of the act), shall have and exercise, including the power "to assess, levy and collect a general tax for school and municipal purposes, not to exceed two per centum of the assessed valuation upon all real and personal property, and to declare the same a lien upon such property, and to enforce the collection of such lien by foreclosure, levy, distress and sale," with certain exceptions not necessary to be mentioned; and including the power—

"to establish one or more school districts, to provide the same with suitable school houses, and to provide the necessary funds for the maintenance of schools, but such school districts and schools when established shall be under the supervision and control of a school board of three members, consisting of a director, a treasurer and a clerk, to be elected annually by the vote of all adults who are citizens of the United States, or who have declared their intention to become such, and who are residents of the school district."

On the 27th day of January, 1905, Congress passed the last act which bears upon the question now before us, which act was entitled "An act to provide for the construction and maintenance of roads, the establishment and maintenance of schools, and the care and support of insane persons in the district of Alaska, and for other purposes" (33 Stat. 616, c. 277), the fourth section of which, omitting those portions thereof having no pertinency here, is as follows:

"That the common council of the incorporated towns in such district shall have the power, and it shall be their duty in their respective towns, to estab-

lish school districts, to provide the same with suitable school houses, and to maintain public schools therein, and to provide the necessary funds for the schools; but such schools when established shall be under the supervision and control of a school board of three members, consisting of a director, a treasurer, and a clerk, to be elected annually by the votes of all adults who are citizens of the United States, or who have declared their intention to become such, and who are residents of the school district. * * * All money available for school purposes, except for the construction and equipment of school houses and the acquisition of sites for the same, shall be expended under the direction of said board, and the treasurer of said board shall be the custodian of said money, and he shall, before entering upon the duties of his office, give his bond with sufficient sureties to the school district in such sum as the common council may direct, and subject to its approval, but not less than twice the amount that may come into his hands as treasurer, conditioned that he will honestly and faithfully disburse and account for all money that may come into his hands as such treasurer. The said board shall have the power to hire and employ the necessary teachers, to provide for heating and lighting the school houses, and in general to do and perform everything necessary for the due maintenance of a proper school."

By the fifth section of the act of January 27, 1905, provision was made for the establishment of school districts outside of incorporated towns and for the maintenance thereof.

It will be readily seen from the foregoing provisions of the various acts of Congress upon the subject that by that of March 3, 1899, certain license taxes upon certain lines of business carried on in Alaska were authorized to be collected by the clerk of the District Court, who was required to pay them into the treasury of the United States; that the next act upon the subject, that of June 6, 1900, first provided for the organization of municipal corporations in Alaska, and for schools therein, and a school board therefor of three directors, with "exclusive supervision, management and control of the public schools and school property within said corporation," and a common council and treasurer of the municipality, with the further provision that the treasurer of the municipality should be ex officio treasurer of the school board, and that 50 per cent. of the license moneys provided for by the act of March 3, 1899, should be paid by the clerk of the District Court to the treasurer of the municipality, who should use it under the direction of the council for school purposes; that by its next act of March 3, 1901, Congress provided that, where it was shown to the satisfaction of the District Court that the whole amount received by the treasurer of the municipality from the clerk of the court is not required for school purposes, "the court may from time to time, by orders duly made and entered, with a statement of the facts upon which they are based, authorize the expenditure of the accumulated surplus, or any part thereof, for any of the municipal purposes enumerated" therein; that by its next act upon the subject, that of March 2, 1903, Congress provided that all of the license moneys collected by the clerk of the District Court should be paid over by him to the treasurer of the municipality, "to be used for municipal and school purposes in such proportions as the court may order, but not more than fifty per centum, nor less than twenty-five per centum thereof shall be used for school purposes, the remainder thereof to be paid to the treasurer of the corporation for the support of the municipality." But by its act of April 28, 1904, entitled "An act to amend and codify the laws relating to

municipal corporations in the district of Alaska," Congress so amended its previous provisions upon the subject as to declare that all license moneys collected by the clerk of the District Court from any other person for any business, trade, or occupation carried on within the limits of any incorporated town within the district of Alaska, pursuant to its previous acts, "shall by said clerk be paid over to the treasurer of the town, to be used for school and municipal purposes within the town," and by section 8 of its act of April 28, 1904, provided:

"That all acts and parts of acts inconsistent with this act are, to the extent of such inconsistency, hereby repealed, and the provisions of this act shall apply to and govern all municipal corporations heretofore created in the district of Alaska."

Congress thus took away from the District Court the power theretofore vested in it to apportion the license moneys, collected by its clerk and by him paid over to the treasurer of the town, to municipal and school purposes, and also eliminated the provision in the act of March 2, 1903, to the effect that not more than 50 per centum nor less than 25 per centum of such license moneys should be used for school purposes, requiring, without qualification, all of such moneys to be paid over by the clerk of the District Court to the treasurer of the municipality "to be used for school and municipal purposes"—obviously, we think, to be used for such purposes under the direction and control of the municipal authorities, and not under that of the court. And that such was the intent of Congress by its act of April 28, 1904, is further shown by the fact that, for the first time in its legislation in respect to Alaska, Congress, in the fourth section of its act of April 28, 1904, in prescribing the powers of the common council of incorporated towns therein provided for, as well as all other municipal corporations theretofore created in Alaska, gave such corporations the power to assess, levy, and collect a general tax for school as well as other municipal purposes, with certain exceptions, and with power "to establish one or more school districts, to provide the same with suitable school houses, and to provide the necessary funds for the maintenance of schools."

Under this power to levy a tax for school purposes, Congress manifestly conferred upon the common council of incorporated towns the right to supplement, if need be, the license moneys it required to be paid by the clerk of the District Court to the treasurer of the municipality "to be used for school and municipal purposes," by a general tax for school purposes. It results that it was not for the court below to determine "the proper amount to be apportioned for the use of the school board for the purpose of enabling the board to pay the indebtedness against the school district, and for the due maintenance of the Nome public schools for the ensuing school year," for all its previous authority in the premises was taken away by the provisions of the act of April 28, 1904, and that it erred in adjudging, as it did, that the council—

"set apart, apportion, and pay over to the treasurer of the Nome school board, for school purposes for the ensuing school year, the additional sum of $3,000

from the federal license moneys now in the hands of the clerk of this court, or hereafter to come into his hands as such clerk, and by him paid over to the common council of the town of Nome."

The judgment is accordingly reversed.